<u>**Electronically Filed**</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BARBARA FORLASTRO and ROBERT G. FORLASTRO,    Case No.: 1:07-CV-3288
as Co-Administrators of The Estate of    (RPP)(FM)
ROBERT J. FORLASTRO,

                          Plaintiffs,

    -against-

JAMES COLLINS,

                          Defendants.
------------------------------------------------------------------------X

**MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' MOTION
FOR THE APPLICATION OF CONNECTICUT LAW**

                                        MEAD, HECHT, CONKLIN & GALLAGHER, LLP
                                        Attorneys for Defendant
                                        JAMES COLLINS
                                        109 Spencer Place
                                        Mamaroneck, New York 105433
                                        (914) 899-3100

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BARBARA FORLASTRO and ROBERT G. FORLASTRO,           Case No.: 1:07-CV-3288
as Co-Administrators of The Estate of                (RPP)(FM)
ROBERT J. FORLASTRO,

                            Plaintiffs,

    -against-

JAMES COLLINS,

                            Defendants.
------------------------------------------------------------------------X
```

## MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFFS' MOTION
## FOR APPLICATION OF CONNECTICUT LAW

This memorandum of law is submitted in opposition to Plaintiff's motion to apply Connecticut law and to apply Connecticut's wrongful death damages law.

### STATEMENT OF FACTS

As more fully described in the annexed Affirmation, dated July 2, 2007, the instant action arises from an incident which occurred on December 6, 2004 in Carmel, New York. Plaintiffs' decedent was collecting garbage in the Carmel, New York area in the course of his employment. Plaintiffs' decedent purposely entered New York as a part of his job responsibilities and had decided to stop at a deli in Carmel to get breakfast. Defendant's domicile and residence is located in New York State. The fatal accident occurred in Carmel, New York.

### PRIOR STATE LITIGATION

Plaintiffs commenced an action against the same defendant in this action, JAMES M.

2

COLLINS, and against New York State Electric & Gas Corp. in Putnam County Supreme Court under Index No. 581/2006 for the injuries sustained by decedent on December 6, 2004 and for pecuniary loss. The Plaintiffs later discontinued that action.

## PRIOR FEDERAL ACTION

On or about November 30, 2006, Plaintiffs, ROBERT G. FORLASTRO and BARBARA FORLASTRO, as Co-Administrators of the Estate of ROBERT J. FORLASTRO, filed an action against NEW YORK STATE ELECTRIC AND GAS CORP. and JAMES M. COLLINS, in the United States District Court, Southern District of New York with Case Number 06-CV-13591.

By Order, dated March 28, 2007, Senior U.S. District Judge William C. Conner rescinded the March 23, 2007 Order which had dismissed the action with prejudiceand ordered that the action be dismissed without prejudice and without costs or attorneys' fees where the plaintiff informed the Court that he had commenced an identical action in United States District Court, District of Connecticut.

## CONNECTICUT ACTION

On or about October 2, 2006, Plaintiffs, BARBARA FORLASTRO and ROBERT G. FORLASTRO, as Co-Administrators of the Estate of ROBERT J. FORLASTRO, filed an action against defendant JAMES COLLINS in the United States District Court, District of Connecticut with Case Number: 3:06-CV-01541.

A stipulation to transfer the action to the United States District Court for the Southern District of New York was executed by the attorneys for the Plaintiffs and the attorneys for the Defendant. The Stipulation provided: "Pursuant to 28 U.S.C. § 1404(b), the parties, through undersigned counsel, are agreeable to the above action being transferred by the Court to the

United States District Court for the Southern District of New York at White Plains."

United States District Judge Robert N. Chatigny approved the Stipulation to Transfer. Judge Chatigny added the following language:

> "Approved. The parties consent to transfer the case to the United States District Court, Southern District of New York, White Plains Division, pursuant to 28 U.S.C. § 1404(a). All further pleadings or documents in this matter should be filed with the Clerk's Office of the United States District Court, Southern District of New York, White Plains Division . . . ."

## LEGAL ANALYSIS

**A.  The Law of New York should Apply because Venue was Improper in Connecticut.**

When a case is transferred from a district court where venue was improper, the law of the transferee court should apply. In cases transferred pursuant to §1406, the transferee district court applies its own state law in order to prevent the Plaintiff from benefitting from commencing an action in an impermissible forum. See, Martin v. Stokes, 623 F.2d 469, 472 (6th Cir. 1980). Because venue was improper in Connecticut, the law of New York, the transferee court, should apply.

Although the Judge Chatigny cited § 1404 as the basis for the transfer, no determination was ever made as to the propriety of venue in Connecticut. Consequently, this Court should make a ruling as to the propriety of venue in Connecticut before deciding which state's law to apply. To allow the Plaintiffs to file an action in a plainly improper venue with more favorable law to their position and to transfer the more favorable law to the proper venue would result in

forum shopping.

In <u>Levy v. Pyramid Company of Ithaca</u>, 687 F. Supp. 48 (N.D.N.Y. 1988), the Court held:

> "To remove the incentive to forum shop, several circuits have held that the *Van Dusen* rule 'applies only if the action could have been maintained in the original forum.' <u>Id.</u> (citations omitted). (Unfortunately, the Second Circuit has not yet had occasion to address that issue.) By qualifying the *Van Dusen* rule, the same forum shopping concerns are served. <u>Id.</u> (citation omitted). Courts which have recognized the exception to the Van Dusen rule have also reasoned: '[W]hen a transferor court has not ruled on the propriety of venue or jurisdiction, the transferee court must determine whether venue and jurisdiction would have been proper in the transferor court in order to decide which forum state's law will apply under Erie.' <u>Id.</u> (citations omitted)."

The Second Circuit in <u>Levy v. Pyramid Company of Ithaca</u>, 871 F.2d 9 (2d Cir. 1989), affirmed the judgment of the District Court for substantially the reasons set forth in the lower court's opinion.

Consequently, this Court should determine whether venue was proper before deciding which state's law should be applied. Plaintiffs assert in the Complaint that venue is appropriate pursuant to 28 U.S.C. § 1391. However, under the terms of 28 U.S.C. § 1391, Connecticut was not a proper venue for the action. Specifically, 28 U.S.C. § 1391, "Venue generally", provides:

> "(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

Pursuant to §1391(a)(1), venue would be proper in Southern District of New York based upon the residence of James M. Collins in New York. Further, under §1391(a)(2), venue would also be proper in the Southern District of New York based upon the accident occurring in that district. Section §1391(a)(3) is not applicable under the facts of this case because action was able to be commenced in the Southern District of New York.

In Syed v. Housel, 106 F. Supp. 2d 397 (D. Conn. 2000), the Court held that venue was improper in Connecticut. In Syed, the plaintiffs were residents of Connecticut, the defendant was a resident of New York and the accident occurred in New York. The Court also granted defendant's motion to transfer the case to the Southern District of New York pursuant to the interest of justice prong of 28 U.S.C. § 1406(a). The Court considered the following factors: (1) convenience of the parties; (2) convenience of the witnesses; (3) relative ease of access to sources of proof and the locus of operative facts; and (4) the cost of obtaining willing witnesses.

Under analogous circumstances, in Maldonado v. Inanovich, 1998 WL 323483, No. 97 CIV. 6360 (S.D.N.Y. 1998), the Court held that the District of Connecticut was a proper venue pursuant to § 1391 (a)(1) because the only defendant to the action resided in Connecticut. The Court also found that the venue was proper in Connecticut pursuant to § 1391 (a)(2) because the accident occurred in Connecticut and therefore a substantial part of the events or omissions giving rise to the claim occurred in Connecticut. The Court in Maldonado held that § 1391 (a)(3) was not implicated because venue can be based on this subsection only if § 1391 (a)(1) or § 1391 (a)(2) could not be satisfied. Consequently, the Court held that venue was improper in the Southern District of New York. The Court also noted that the plaintiff's residence was irrelevant in determining proper venue, and that the portion of the statute which permitted venue

based upon the plaintiff's residence was repealed by an amendment.

In <u>Yanouskiy v. Eldorado Logistics Systems, Inc.</u>, 2006 WL 3050871, 05CV2202- ENV-JMA (E.D.N.Y. Oct. 20, 2006), the Court held that Nebraska, the place of the accident, was a proper venue in a wrongful death action pursuant to 28 U.S.C. 1391(a)(2). In <u>Yanouskiy</u>, the administrator of the estate was a resident of Westchester County and the decedent was alleged to be a resident of Kings County.

In sum, because venue was improper in Connecticut, the law of New York should be applied to this action. The prior litigations commenced by Plaintiffs indicate an attempt at forum shopping.

The cases cited by Plaintiffs are distinguishable from the circumstances at hand where venue was improper in the District of Connecticut. In <u>Van Dusen v. Barrack</u>, 376 U.S. 612 (1964), the Supreme Court held that generally when defendants seek transfer of an action pursuant to §1404(a), the law of the transferor court should be applied. The Court's decision was implicitly based upon the Plaintiff having brought an action in the proper venue. The Court stated: "There is nothing, however, in the language or policy of § 1404 (a) to justify its use by defendants to defeat the advantages accruing to plaintiffs who have chosen a forum which, although it was inconvenient, was a proper venue." <u>Id.</u>, at 634. In addition, the Court limited its holding to the circumstances of the action. The Court express noted "we do not and need not consider whether in all cases § 1404(a) would require the application of the law of the transferor, as opposed to the transferee, State. We do not attempt to determine whether, for example, the same considerations would govern if a plaintiff sought transfer under § 1404(a) or if it was contended that the transferor State would simply have dismissed the action on the ground of

forum non conveniens." Id., at 639-640 (footnotes omitted).

In Ferens v. John Deere Co., 494 U.S. 516 (1990), the Supreme Court held that the law of the transferor court would also be applied when a plaintiff initiated a transfer pursuant to § 1404(a). The Court stated that § 1404(a) existed "to eliminate inconvenience without altering permissible choices under the venue statutes." Id., at 525. Consequently, the Court's holding is based upon the presumption that venue was proper in the first place.

### B. Under New York Choice of Law Rules, the Law of New York Should Apply to the Instant Action.

Under the choice of law standard set forth by New York courts, the law of New York should be applied to the instant action. The Court of Appeals in Cooney v. Osgood Machinery, Inc., 81 N.Y.2d 66, 72 (1993), outlined the "interest analysis" to be applied on choice of law. A distinction was drawn between laws that regulate primary conduct, such as standards of care, and those that allocate losses after the tort occurs. Id.

In Cooney, the Court of Appeals described the three rules for determining the applicable choice of law outlined in Neumeier v. Kuehner, 31 N.Y.2d 121 (1972). Under the first Neumeier rule, when the driver-host and passenger-guest share a common domicile, the law of that domicile should apply.

Under the second Neumeier rule, where the parties are domiciled in different States and the local law favors the respective domiciliary, the law of the place of injury applies. Under this rule, when the plaintiff's state would allocate loss to defendant but defendant's state would force plaintiff to bear the loss, a true conflict arises.

> "The rule provides that when the driver's (defendant's) conduct occurred in the State of domicile and that State would not imposed liability, the driver should not be exposed to liability under the law of the victim's domicile. Conversely, when the plaintiff-passenger is injured in the place of domicile and would be entitled to recover, the out-of State driver should generally be unable to interpose the law of his or her domicile to defeat recovery. In essence, then, the second Neumeier rule adopts a "place of injury" test for true conflict guest statute cases." Id., at 73 (citations omitted).

The Court then outlined the third Neumeier rule which applies to other split domicile cases.

> "Finally, the third Neumeier rule, applicable to other split-domicile cases, provides that the usually governing law will be that of the place where the accident occurred, unless "'displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multistate system or producing great uncertainty for litigants'" (31 N.Y.2d, at 128). This rule, too, generally uses the place of injury, or locus, as the determining factor." Id., at 73-74.

In the instant action, the law of Connecticut favors the Plaintiffs, residents of Connecticut, in that it permits Plaintiffs to seek for greater damages. Conn. Gen. Stat. § 52-555 provides: "In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses. . . ." "Just damages" include: (a) lost earnings less deductions for necessary living expenses; (b) compensation for the destruction of the capacity to carry on and enjoy life's activities in a way decedent would have; and (c) compensation for conscious pain and suffering. See, Shattuck v.

Gulliver, 40 Conn. Supp. 95, 481 A.2d 1110 (Ct. Superior Ct. 1984).

The law of New York favors defendant JAMES COLLINS, a resident of New York, in that the damages Plaintiffs may be permitted to recover are more limited. However, § 5-4.3 of New York's Estates, Powers and Trusts Law provides, in relevant part:

> "(a) The damages awarded to the plaintiff may be such sum as the jury or, where issues of fact are tried without a jury, the court or referee deems to be fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought. In every such action, in addition to any other lawful element of recoverable damages, the reasonable expenses of medical aid, nursing and attention incident to the injury causing death and the reasonable funeral expenses of the decedent paid by the distributees, or for the payment of which any distributee is responsible, shall also be proper elements of damage. Interest upon the principal sum recovered by the plaintiff from the date of the decedent's death shall be added to and be a part of the total sum awarded."

Consequently, the second Neumeier rule applies and the law of New York should apply as the place of the accident. See, Monroe v. Numed Inc., 250 A.D.2d 20 (3d Dept. 1998); Ray v. Knights, 194 A.D.2d 131 (3d Dept. 1993); Kranzler v. Austin, 189 Misc. 2d 369 (2d App. Term 2001).

In sum, under of an application of New York's choice of law rules, the law of New York would apply.

**C.     Assuming Arguendo that the Court applies Connecticut's Choice of Law rules, Those Rules Require that the Law of New York controls.**

Should this Court accept Plaintiffs' argument that Connecticut law applies, under

Connecticut's Choice of Law rules, New York's law would apply as to damages. In <u>Svege v. Mercedes Benz Credit Corp.</u>, 182 F. Supp. 2d 226 (D. Conn. 2002), the District Court of Connecticut applied Connecticut's choice of law rules and held that Pennsylvania's law applied to a motor vehicle accident which occurred in Pennsylvania where the decedents and their children were residents of Connecticut. The Court took into account the following factors: (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered. In the instant action, the factors weigh in favor of the application of New York law.

In <u>Williams v. State Farm Mutual Automobile Ins. Co.</u>, 229 Conn. 359 (Sup. Ct. 1994), the Court held that the law of New York applied where the plaintiff, a Connecticut resident was in an accident in New York with a vehicle operated by Rolly Bain, who had a California driver's license and whose vehicle was registered in New York.

In <u>O'Connor v. O'Connor</u>, 201 Conn. 632, 519 A.2d 13 (Sup. Ct. 1986), the Supreme Court of Connecticut, applied the law of Connecticut to an accident where the plaintiff was injured in a one car accident in Quebec and the defendant and plaintiff were Connecticut domiciliaries. The court noted that the choice of law would have been more problematic if the accident had involved a Quebec resident.

Although cited by Plaintiffs in support of the motion, in <u>Saloomey v. Jeppesen & Co.</u>, 707 F.2d 671, 676 (2d Cir. 1983), the Second Circuit held that although both decedents were domiciled in Connecticut, it was not enough to justify the application of Connecticut law given the strong impact of Colorado's contacts. The Court found that Connecticut's interest in

compensating its residents was served by Colorado's law. Colorado's law limited liability to pecuniary losses actually suffered by survivors, unless the survivors were not dependents and in that case recovery was limited to $45,000.

Finally, in <u>Partman v. Budget Rent-A-Car</u>, 1996 WL 62689, 16 Conn. L. Rptr. 77 (Conn. Super. 1996), the Court noted that § 175 of the Restatement provides that in an action for wrongful death the law of the state where the injury occurred determined the rights of the parties unless another state had more significant interests. It is submitted that Connecticut's interest in providing compensation for wrongful death does not outweigh New York's interest in limiting recovery for wrongful death.

Consequently, it is respectfully submitted that the even under an application of Connecticut's choice of law rules, New York law should apply.

It is noted that place of the incident was not fortuitous. Plaintiff's entered New York state in order to work and provide a service in the course of his employment. Further, Defendant resided and worked in New York state.

**CONCLUSION**

In sum, defendant JAMES COLLINS requests that Plaintiff's motion for the application of Connecticut law to this action be denied, and for such other and further relief as the Court deems just and proper.

Dated: Mamaroneck, New York
July 2, 2007

                                    Respectfully submitted,
                                    MEAD, HECHT, CONKLIN & GALLAGHER

                                    ____S/_____
                                    By: Sara Luca Salvi, Esq.(SS 6292)
                                    Attorneys for Defendant JAMES COLLINS
                                    109 Spencer Place
                                    Mamaroneck, New York 10543
                                    (914) 899-3100

TO:

Joel T. Faxon (JF 1611)
STRATTON FAXON
59 Elm Street
New Haven, CT 06510
(203) 624-9500