UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

| | | |
|---|---|---|
| BARBARA FORLASTRO<br>AND ROBERT G. FORLASTRO,<br>AS CO-ADMINISTRATORS OF<br>THE ESTATE OF ROBERT J. FORLASTRO | : | CASE NO.:<br>1:07-CV-3288 (RPP) |
| VS. | : | REPLY MEMORANDUM<br>IN SUPPORT OF<br>MOTION FOR<br>APPLICATION OF<br>CONNECTICUT LAW |
| JAMES COLLINS | : | |

-----------------------------------------------------------

Plaintiffs, ROBERT G. FORLASTRO and BARBARA FORLASTRO as Co-Administrators of the Estate of ROBERT J. FORLASTRO, by and through their attorneys, STRATTON FAXON, file this REPLY MEMORANDUM IN SUPPORT OF MOTION FOR APPLICATION OF CONNECTICUT law, and respectfully request the Honorable Court to apply Connecticut's wrongful death damages law in this wrongful death case, based on the following.

As the defendant's Memorandum indicates, the facts of this tragic case are not substantially in dispute. The only issue raised by defendant, not covered by the plaintiff's Memorandum, is whether the plaintiff's claim was properly venued in Connecticut. Chief Judge Chatigny transferred the case under 28 U.S.C. § 1404(a), not under § 1406(a) – which deals with transfer of venue when venue is improperly laid in a district. Thus, the judge's own actions are consistent with the plaintiff's position that venue would have been proper in Connecticut.

Further, under 28 U.S.C. § 1391(a)(2), a substantial part of the events giving rise to the claim occurred in Connecticut. Under Conn. Gen. Stat. § 52-555, a cause of action for wrongful death can only be commenced by an administrator appointed by a probate court of proper jurisdiction. The probate court of Danbury appointed the plaintiffs as co-administrators of the estate of Mr. Forlastro – thus authorizing the suit against the defendant. Further, the defendant was served in Connecticut – a jurisdiction that he frequents and which his property borders. Thus, even if the court reaches the issue of venue in the District of Connecticut – which is unnecessary given that the transfer by Chief Judge Chatigny occurred under 28 U.S.C. § 1404(a), a substantial number of events have occurred in Connecticut that give rise to the claim.

Accordingly, based on the foregoing, and the plaintiff's previously filed Motion and Memorandum, the court should apply Connecticut's wrongful death statute, Conn. Gen. Stat. § 52-555, to determine the measure of damages applicable in this case.

Dated: July 9, 2007
At New Haven, CT

THE PLAINTIFFS

_____
Joel T. Faxon (jf1611)
Stratton Faxon
59 Elm Street
New Haven, CT 06510
Tel.: 203-624-9500
Fax: 203-624-9100
jfaxon@strattonfaxon.com

2

## CERTIFICATION

This is to certify that a copy of the foregoing Appearance was efiled via ECF on this date to the following counsel of record:

Sara Luca Salvi, Esq.
Mead, Hecht, Conklin & Gallagher, LLP
109 Spencer Place
Mamoroneck, New York 105431

_____
Joel T. Faxon