UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BARBARA FORLASTRO and ROBERT G.
FORLASTRO, as Co-Administrators of The
Estate of ROBERT J. FORLASTRO,

                    Plaintiffs,

07 Civ. 3288 (RPP)

      - against -

**OPINION AND ORDER**

JAMES COLLINS,

                    Defendant.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

The parties of this wrongful death action are in dispute as to which state's choice of law analysis and substantive law of damages should apply to the claim. On June 1, 2007, Plaintiffs filed a Motion for Application of Connecticut Law, asserting that, since the case was transferred from the District of Connecticut pursuant to 28 U.S.C. § 1404(a), the Connecticut choice of law rules must apply, and Connecticut substantive law of damages should apply to the claims. On July 2, 2007, Defendant responded with an Affirmation in Opposition and a Memorandum of Law in Opposition to Plaintiff's Motion for the Application of Connecticut Law, in which Defendant asserted improper venue in the District of Connecticut and argued that the application of New York choice of law rules is proper and further that, applying those rules, New York substantive law would apply. Plaintiffs' motion is denied.

**BACKGROUND**

    A. Underlying Facts

Decedent Robert Forlastro was killed after being struck by a large utility vehicle, driven by Defendant James Collins, in a deli parking lot in Carmel, NY. (Compl. ¶¶ 1, 2, 4, 6.) Mr.

Forlastro was a resident of Danbury, Connecticut, while Mr. Collins was and is a resident of Brewster, New York.[1] (Id. at "Jurisdictional Statement.") Mr. Forlastro's employer was a waste disposal company located and operating in Danbury, Connecticut. (Pls.' Mem. at 1.) Mr. Collins was an employee of New York State Electric and Gas Corp. (Compl. ¶ 1.) On the morning of the accident, Mr. Forlastro was assigned to work in Carmel, New York. (Id.) After his death, Mr. Forlastro's parents petitioned to have Mr. Forlastro's estate opened in Connecticut for the purpose of seeking a wrongful death claim. (Pls.' Mem. at 2.) Additionally, service of process on Mr. Collins was effected in Connecticut. (Id.)

### B. Procedural History

Plaintiffs brought this claim against Defendant in the United States District Court for the District of Connecticut on October 2, 2006.[2] The Complaint was filed by Mr. Forlastro's parents, as Co-Administrators of his estate, alleging a cause of action for negligence. On February 23, 2007, the parties conferred for a "planning meeting," as required by Federal Rules of Civil Procedure 16(b) and 26(f), and pursuant to Local Civil Rule 26(e) of the District of Connecticut, and filed a subsequent report to the district court, dated February 27, 2007, stating:

> The Plaintiffs contend that this Court has jurisdiction over the claims presented in this action pursuant to 28 U.S.C. § 1332. The Defendant denies the Plaintiff's allegation and intends to contest the Plaintiff's claim by filing a Motion to Dismiss and/or Motion to Transfer on the basis that venue in this district is improper pursuant to 28 U.S.C. § 1391(a).

(Report of Parties' Planning Meeting ("Report") 2.) A stipulation to transfer the action to the Southern District of New York pursuant to § 1404(b) was executed by attorneys for both the

---

[1] Since the Defendant and the Plaintiffs, the co-administrators of a Connecticut estate, are residents of two different states, federal court jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332(1).

[2] Two other actions were commenced by Plaintiffs against both Defendant and New York State Electric and Gas Corporation. The first, a state action, was brought on or about March 21, 2006, in New York Supreme Court, Putnam County and was later discontinued. (Affirmation in Opposition ("Def.'s Affm.") ¶ 5.) The other, a federal action brought on or about November 30, 2006, in the United States District Court for the Southern District of New York, was dismissed without prejudice by order dated March 27, 2007, based on Plaintiffs having commenced an identical action in the United States District Court for the District of Connecticut. (Id. ¶¶ 9, 11.)

2

Plaintiffs and Defendant and converted to a transfer pursuant to § 1404(a) by Judge Chatigny on April 13, 2007. Defendant filed his answer on April 27, 2007, in the Southern District of New York, contesting the propriety of venue in the District Court of Connecticut.

On June 1, 2007, Plaintiffs filed a Motion for Application of Connecticut Law in this Court, asserting that, based on the § 1404(a) transfer and the Supreme Court cases of Farens v. John Deere Co., 494 U.S. 516 (1990) and Van Dusen v. Barrack, 376 U.S. 612 (1964), the Connecticut choice of law analysis must apply, and under that analysis, Connecticut substantive law should apply to the claims. On July 2, 2007, Defendant responded with an Affirmation in Opposition and a Memorandum of Law in Opposition to Plaintiffs' Motion for the Application of Connecticut Law, in which Defendant argued that because venue was improper in the District of Connecticut, New York choice of law rules apply and, further, that under that analysis, New York substantive law would apply. Finally, Plaintiffs, on July 9, 2007, filed a Reply Memorandum in Support of Motion for Application of Connecticut Law, responding to the Defendant's challenge of improper venue in the transferor court.

**VENUE ANALYSIS**

   **A.  Transfers Pursuant to 28 U.S.C. § 1404(a)**

A federal court sitting in diversity must apply the choice of law analysis of the state where the district court sits. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496 (1941). The Supreme Court has held, however, that "following a transfer under § 1404(a) the transferee court must follow the choice of law rules that prevailed in the transferor court." Ferens, 494 U.S. at 519; see Van Dusen, 376 U.S. at 639. Requiring the transferee court to apply the law of the transferor court protects the parties' expectations of the relevant and applicable law and the

3

plaintiff's right to select the forum in which to adjudicate the claim, while allowing all parties to have their claims potentially heard in a convenient place. See Farens, 494 U.S. at 529-30.

Critically, the rule of Van Dusen and Farens is limited to cases that could have been maintained in their original forum. Van Dusen, 376 U.S. at 633-34 ("There is nothing, however, in the language or policy of § 1404(a) to justify its use by defendants to defeat the advantages accruing to plaintiffs who have chosen a forum which, although it was inconvenient, *was a proper venue*.") (emphasis added); Farens, 494 U.S., at 525 (stating that § 1404(a) "exists to eliminate inconvenience without altering permissible choices under the venue statutes"); see also Levy v. Pyramid Co. of Ithaca, 687 F. Supp. 48, 52 (N.D.N.Y. 1988) (holding that "to remove the incentive to forum shop, several circuits have held that the Van Dusen rule applies only if the action could have been maintained in the original forum") (internal quotes omitted) aff'd, 871 F.2d 9, 10 (2d Cir. 1989).

"[W]hen a transferor court has not ruled on the propriety of venue, the transferee court must determine whether venue would have been proper in the transferor court in order to decide which forum state's law will apply under Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)]." Levy, 687 F. Supp. at 52 (citations omitted); see also Martin v. Stokes, 623 F.2d 469, 474-75 (6th Cir. 1980); Ellis v. Great Southwestern Corp., 646 F.2d 1099, 1107 (5th Cir. 1981); Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc., 689 F.2d 982, 992-93 (11th Cir. 1982). If a transfer is the result of, or incident to, the initial forum being an improper venue, the transferee court must apply the choice of law analysis of the state in which the transferee court sits, as required by Klaxon, 313 U.S. at 496. Von Grabe v. Ziff Davis Publ'g Co., 1995 WL 688912, at *4 (S.D.N.Y. Nov. 20, 1995).

4

The present case was transferred from the District of Connecticut to the Southern District of New York as a result of an order by Judge Chatigny, approving a stipulation of transfer pursuant to 28 U.S.C § 1404(b), but changed as follows:

> Approved. The parties consent to transfer the case to the United States District Court, Southern District of New York, White Plains Division, pursuant to 28 U.S.C. § 1404(a).

(Signed and Approved Stipulation to Transfer, April 13, 2007.)  Plaintiffs assert that 1) by specifically granting the transfer pursuant to § 1404(a), the Judge implicitly ruled on Defendant's improper venue claim, and that 2) if the Judge had felt venue was improper in Connecticut, he would have granted the transfer pursuant to 28 U.S.C. § 1406(a)[3] rather than § 1404(a).  (Reply Memorandum in Support of Motion for Application of Connecticut Law ("Pls.' Reply Mem.") at 1.); (Transcript of Oral Argument, July 31, 2007 ("Tr.") at 15.)  There is no evidence in the record, however, and the Plaintiffs provided none at oral argument, that Judge Chatigny ruled on the propriety of venue in the District of Connecticut.  Therefore, the task falls to this Court to determine whether venue was proper in the transferor court in order to decide which state's choice of law analysis will apply to this claim.

**B.  Title 28 U.S.C. § 1391(a)**

Title 28 of the United States Code § 1391(a), the applicable venue statute for diversity cases, reads as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the

---

[3] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

> time the action is commenced, if there is no district in which the action
> may otherwise be brought.

28 U.S.C. § 1391(a). Under § 1391(a)(1), venue is improper in Connecticut and proper in New York because the sole defendant, Mr. Collins, is a New York resident and domiciliary. (Compl. at "Jurisdictional Statement.") Moreover, under § 1391(a)(2), Connecticut is an improper venue since it was not the location of a "substantial part of the events or omissions giving rise to the claim." Furthermore, § 1391(a)(3) is inapplicable since it only applies if venue was improper under § 1391(a)(1) or § 1391(a)(2). Maldonado v. Inanovich, 1998 WL 323483, at *1 (S.D.N.Y. June 17, 1998).

Plaintiffs argue that because Connecticut is the location of a "substantial part of the events," venue in Connecticut was proper pursuant to § 1391(a)(2). To support their position, Plaintiffs cite two facts: (1) they were individually appointed by the Connecticut Probate Court as executors of the estate under Connecticut General Statute § 52-555, thus specifically authorizing them to commence the wrongful death action against the Defendant on behalf of the estate and (2) Defendant was served in Connecticut. (Pls.' Reply Mem. at 2; Tr. at 20.) Since the present action could not have commenced prior to the Danbury Probate Court's appointment of executors of the estate, Plaintiffs argue that the "substantial part of the events or omissions giving rise to the claim" was their appointment, which occurred in Connecticut. Section 1391(a)(2) requires, however, that a "substantial part of the events or omissions giving rise to the claim" occur in the state for venue to be proper there. 28 U.S.C. § 1391(a)(2). The sequence of procedural steps resulting in the commencement of the lawsuit relied on by Plaintiffs are not the type of events that this section contemplates as "events or omissions giving rise to the claim," nor have Plaintiffs submitted any case law that supports that proposition. In cases specifically dealing with car accidents between residents of different states, the location of the accident is the

6

determinative factor used by the courts in deciding where the "substantial part of the events giving rise to the claim" occurred. See Maldonado, 1998 WL 323483, at *1; see also Fanselow v. Rice, 213 F. Supp. 2d 1077, 1080 (D. Neb. 2002); Young v. Sullwold, 2000 WL 1448816, at *3 (E.D. Pa. Sept. 28, 2000); Syed v. Housel, 106 F. Supp. 2d 397, 399 (D. Conn. 2000); Zafonte v. Mattel, Inc., 2000 WL 516406, at *1 (E.D.N.Y. Mar. 20, 2000); Cunningham v. Hinds, 1999 WL 112049, at *2 (E.D.N.Y. Oct. 4, 1999); Dwyer v. General Motors Corp., 853 F. Supp. 690, 692 (S.D.N.Y. 1994). Pursuant to § 1391(a)(2), the facts are insufficient to prove that Connecticut is a location where a "substantial part of the events or omissions giving rise to the claim" occurred, and therefore venue cannot be successfully established there pursuant to § 1391(a)(2).

Since the District of Connecticut was an improper venue under § 1391(a), and there is proper venue in New York under § 1391(a)(1), the New York choice of law analysis must be utilized to determine which state's substantive law will apply to this claim. Klaxon, 313 U.S. at 496.

At the time of the pre-trial order, the Court will expect briefing by the parties as to how, under the New York choice of law analysis, New York would determine damages when the accident occurred in New York and the parties are domiciled in Connecticut and New York.

## CONCLUSION

Since venue was improper in the District of Connecticut prior to the transfer to this Court pursuant to § 1404(a), New York State's choice of law jurisprudence applies.

IT IS SO ORDERED.

Dated: New York, New York
August 14, 2007

                                                      Robert P. Patterson, Jr.
                                                      U.S.D.J.

Copy of this Opinion and Order sent to:

Stratton Faxon
59 Elm Street
New Haven, Connecticut 06510
Attn:   Joel Faxon, Esq.
        Michael A. Stratton, Esq.
Tel:    (203) 624-9500
Fax:   (203) 624-9100


Mead, Hecht, Conklin & Gallagher, LLP
109 Spencer Place
Mamaroneck, New York 10543
Attn:   Elizabeth M. Hecht, Esq.
        Sara Luca Salvi, Esq.
Tel:    (914) 899-3100
Fax:   (914) 899-3101