UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BARBARA FORLASTRO and ROBERT G. FORLASTRO,
AS CO-ADMINISTRATORS OF THE ESTATE OF
ROBERT J. FOERLASTRO,

                              Plaintiffs,

      -against-

JAMES COLLINS,

                              Defendant.

Case No.: 1:07-CV-3288
          (RPP) (FM)

---

## DEFENDANT'S MEMORANDUM OF LAW CONCERNING
## SCOPE OF RECOVERABLE DAMAGES

 

Mead Hecht Conklin & Gallagher, LLP
By  /s/ _____
      Elizabeth M. Hecht (8275)
Attorneys for James Collins
109 Spencer Place
Mamaroneck, New York 10543
(914) 899-3100
hecht@mhcglaw.com

Factual Background

Plaintiffs' decedent, ROBERT J. FORLASTRO, died when, upon alighting from the passenger side of his employer's sanitation truck, he evidently fell into the path of the New York State Electric & Gas Utility Truck which was being operated by defendant, JAMES COLLINS in a small parking area in Carmel. New York. The accident occurred on the morning of December 6, 2004. There was contact between the left front tire of the utility truck and the back of decedent's skull causing his instantaneous demise. Decedent left surviving his parents (plaintiffs herein) and two adult siblings.

At the time of his death, plaintiffs' decedent was 24 years of age having been born on November 9, 1980. He was a high school graduate, having graduated from Henry Abbot Tech in Danbury, Connecticut in 1998. He had never been married, had no children and lived alone in an apartment in Danbury, Connecticut. He was employed by AWD, a sanitation company on a full-time basis and reportedly also worked for his father's business, RG Forlastro Building & Remodeling, on a part-time basis. Some of his alleged earnings through the family business were declared and some were not.

From the time plaintiffs' decedent left his parents' home approximately five months before the subject accident, he did not make any monetary contributions to his parents, his family or anyone else. At the time of his passing, no individual was dependent upon him for any type of financial support. He had just purchased a new automobile and was supporting himself. It is asserted that before leaving the family residence, when decedent was employed, he did contribute small amounts of money toward his room and board.

Decedent's parents were and remain employed in the family business. In addition, plaintiff, BARBARA FORLASTRO, ran her own day care business from the family residence.

The two surviving siblings, Tina, age 38 and Neil age 36, are, upon information and belief, self sufficient.

Plaintiffs were requested to provide a statement of decedent's daily or weekly earnings as of the time of his death in Defendant's 15th Interrogatory (sub-section f). They have declined to do so. Plaintiffs were requested to provide a statement as to decedent's income over the last five years before his death in Interrogatory 15 (sub-section h).  They have not done so.  Plaintiffs were requested to provide information concerning their own annual incomes and a statement as to the extent to which each was dependent upon the deceased for support in Defendant's Interrogatory 17.  They have declined to do so.  Plaintiffs were requested to provide a statement as to the pecuniary injuries claimed to have resulted from the decedent's death in Interrogatory 18.  They have declined to do so.  Plaintiffs were requested to provide a statement as to any alleged loss of services and/or loss of consortium was sustained as a consequence of decedent's death in Interrogatory 19.  They have declined to do so.  Plaintiffs were requested to provide a statement as to the usual services provided to them by decedent in Interrogatory 20.  They declined to do so.  Plaintiffs were requested to provide a statement as to the damages claimed to have resulted from any such loss of services.  They have declined to do so.  Plaintiffs should not now be permitted to come forward with this proof in support of their alleged claims.

## Analysis of Potential Damages

In wrongful death actions, the amount of recovery is measured by the "fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought." (See EPTL § 5-4.3.)

In New York wrongful death actions, the factors to be considered when awarding pecuniary loss damages to a deceased adult child's parents include: the decedent's physical

status, the decedent's earning potential, the child's disposition to aid his or her parents based upon the parent-child relationship and evidence of past assistance, if any, and the age, health, condition and circumstances of the parents. (See <u>Franchell v. Sims</u>, 73 A.D.2d 1, 5 [1st Dept. 1980].)

In order to recover pecuniary damages for the loss of a child, the parents must provide some evidence from which the jury can infer that the decedent was predisposed to help his parents if they needed assistance and that the parents had some reasonable expectation of future support. (See <u>Zelizo v. Ullah</u>, 2 A.D.3d 273 [1st Dept. 2003].)

Where a question of fact is found to exist sufficient for submission to a jury, courts can review any resulting awards which they find to be excessive and, thus, likely motivated by sympathy. (See <u>Largo v. Fundaro</u>, 51 A.D.2d 769 [2d Dept. 1976].)

For example, where there is no evidence that a decedent child was contributing money to his parents, courts have decreased jury awards. In <u>Johnson v. Queens-Long Island Medical Group, P.C.</u>, 272 A.D.2d 524 [2d Dept. 2000], the Appellate Division held that awards of $50,000 to mother and $20,000 to father were adequate where the proof established that their 15 year old deceased son did not contribute monetarily to the household. Similarly, in <u>Brookman v. Public Service Tire Corp.</u>, 86 A.D.2d 591 [2d dept. 1982], the same court reduced from $88,000 to $44,000 a wrongful death award because there was no evidence that a deceased 19 year old college student was making monetary contributions to the household.

Further, courts have recognized that even though a child may live with his parents and contribute to the income of the household during that period, "common human experience teaches us that in the normal course of events, a young person would have sooner or later moved away from his family." (See <u>Costarelli v. Gurino</u>, 170 A.D.2d 431 [2d Dept. 1991].) At bar,

plaintiffs' decedent had, in fact, established his own independent residence approximately five months before his death and, as noted hereinabove, his parents acknowledge that during this period of self-sufficiency, his earnings were entire utilized toward his self-support.

Finally, courts have reduced awards for pecuniary loss based upon evidence that the plaintiffs did not need nor would likely accept monetary support from their decedent. (See Wishart v. Andress, 46 A.D.2d 998 [4th Dept. 1974] in which a jury's award was reduced notwithstanding evidence that while decedent was helpful around the house and would help his father with carpentry and siding work, decedent's father was 45 years old, worked for the postal service and owned his own home. Consequently, it did not appear that the father would need or accept money from his child for some time.) Similarly, in Franchell v. Sims, 73 A.D.2d 1 [4th Dept. 1980], while the court found the specific jury award to have been inadequate, the Appellate Division upheld the trial court's admission in to evidence of proof concerning the parents' status including the extent of their dependency on the decedent in order to ascertain their provable loss due to his death.

In Datskow v. Teledyne Continental Motors Aircraft Products, 826 F. Supp 677 [W.D.N.Y 1993], the court reduced an award of $250,000 to $100,000 where the evidence demonstrated that although decedent had an established career, maintained a close relationship with the plaintiff-parent and had provided some services to plaintiff, there was little evidence of any financial support running from decedent to parent.

Conclusion

A cause of action sounding in wrongful death is a child of New York statutory authority (EPTL § 5-4.3). Consequently, damages are limited to "fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action

is brought." At bar, plaintiff's decedent was self-sufficient, lived alone and did not make any monetary contributions to plaintiffs' household subsequent to his departure from their residence months before his passing. Therefore, any award of damages must necessarily be reflective with these conceded realities and consistent with New York's decisional authorities under similar circumstances.

          Respectfully submitted,

          Mead Hecht Conklin & Gallagher, LLP
By\_\_/s/_____
          Elizabeth M. Hecht (8275)
Attorneys for James Collins
109 Spencer Place
Mamaroneck, New York 10543
(914) 899-3100
hecht@mhcglaw.com

To:    Michael A. Stratton, Esq.
       Stratton Faxon
       Attorneys for Plaintiffs
       59 Elm Street
       New Haven, CT 06510
       (203) 624-9500