UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BARBARA FORLASTRO and ROBERT G. FORLASTRO,
as co-administrators of the Estate of
ROBERT J. FORLASTRO,

Case No.: 1:07-CV-3288
(RPP) (FM)

Plaintiffs,

vs.

JAMES COLLINS,

Defendant.

MARCH 13, 2008

---

## PLAINTIFFS' REQUESTS TO CHARGE

### Decedent: Presumption of Due Care

A person who dies as a result of a catastrophic event is presumed to be acting reasonably prior to his death. This means that you should assume Robert Forlastro was acting carefully and reasonably prior to his death unless the defendant proves by a preponderance of the evidence that he was not acting reasonably. The burden is on the defendant to rebut the presumption of due care.

### Damages for Death

There are two types of damages recoverable for death allowed under New York law in this case. The first type of damage is for the pain, suffering and terror experienced by the decedent Robert Forlastro prior to his death. If you find that he was aware of his

imminent demise and suffered pain and/or terror, you should compensate his estate for such harm. Such amount should be fair, just and reasonable.

The second element of damages is for the losses suffered by those that depended on him. In this case, the evidence shows that the decedent was single and had no wife or children. As such, the only potential beneficiaries of his support are his parents Barbara and Robert. If you find that Robert would have assisted his parents as they became older or that he provided services to them prior to their senior years, they should be compensated. Services include help with all daily tasks, visits to doctors, help with finances, and actual cash support. To the extent that Robert would have provided personal services to provide cash assistance you should make an award that is fair just and reasonable. You should determine on average the services that he would have provided for each year from now until their anticipated life expectancy. It has been shown that the decedent had a life expectancy of 53.8 years and his parents had a life expectancy of 30.2 years for Barbara and 26.5 for Robert. You should indicate for each year into the future the likely support the decedent would have provided. This is obviously an imperfect measure but you should base your verdict on the evidence. The life expectancies are averages only, and they are not conclusive. You should judge the evidence and determine whether the decedent and his parents would meet the average, exceed it or fall short.

**Duties of Driver**

**Proper Lookout**

A driver of a motor vehicle must keep a proper lookout. This means that he must see all that can be seen. Such a driver should not continue on until he is satisfied that such movement can be made safely. If you find that the defendant failed to keep a proper lookout and did not see all that could be seen, you should find him negligent.

**Use of Horn**

The state of New York requires that drivers warn pedestrians of their approach if such warning is necessary. If you find that the defendant failed to use his horn and that such warning was necessary for the safety of the decedent, you should find the defendant negligent.

The defendant as a driver, was required to keep a reasonably careful lookout for pedestrians, to sound the car's horn when a reasonably prudent person would do so in order to warn a pedestrian of danger, and to drive the car with reasonable care to avoid hitting anyone on the road. The Plaintiff, as a pedestrian, was required to use reasonable care for his own safety, to keep a reasonably vigilant lookout for cars, and to avoid placing himself in a dangerous situation.

The plaintiff and defendant were also required to obey the statutes governing traffic and each was entitled to assume that the other would do so. Section 1146 of the Vehicle and Traffic Law Provides:

". . . every driver of a vehicle shall exercise due care to avoid colliding with

any. . . pedestrian. . . upon any roadway and shall give warning by sounding the horn when necessary."

If you find that the defendant failed to give warning when a reasonably prudent person would have done so, or failed to maintain a reasonably vigilant lookout, or failed to use reasonable care to avoid the accident, you will find that the defendant was negligent.

THE PLAINTIFFS

_____
Michael A. Stratton (ct08166)
Stratton Faxon
59 Elm Street
New Haven, CT 06510
Tel.: 203-624-9500
Fax:  203-624-9100
mstratton@strattonfaxon.com

**Jury Interrogatories**

1. Was the defendant more likely than not negligent in causing the death of Robert Folastro?

_____yes        _____no

If the answer is yes, go to question #2, if the answer is no report that your deliberations are concluded.

2. Was the plaintiff more likely that not negligent in causing his own death?

_____yes        _____no

If the answer is no, go to question 4. Otherwise go to question 3.

3. If both parties were negligent, please indicate their proportionate share of negligence up to 100%.

_____% James Collins (the defendant)

_____% Robert Forlastro (the decedent)

If you find the defendant Collins 50% or more at fault go to question 4. Otherwise, report that your deliberations are concluded.

4. Damages

   a. what amount of money compensates the plaintiff for the pain and suffering prior to his death?

   $_____

   b. what amount of money compensates his parents for support that the decedent would have provided to them if any?

Please list the amount of support, if any that he would have provided by each year or years beginning in 2005 through the life expectancy that you would find for his parents:

   Year_____   Amount_____

   Use a separate sheet and attach if necessary.

## CERTIFICATION

This is to certify that a copy of the foregoing Motion was efiled via ECF on this date to the following counsel of record:

Elizabeth Hecht, Esq.
Mead, Hecht, Conklin & Gallagher, LLP
109 Spencer Place
Mamoroneck, New York 105431

Michael A. Stratton