UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

BARBARA FORLASTRO and ROBERT G. FORLASTRO,
as co-administrators of the Estate of
ROBERT J. FORLASTRO,

Case No.: 1:07-CV-3288
(RPP) (FM)

Plaintiffs,

vs.

JAMES COLLINS,

Defendant.

MARCH 14, 2008

------------------------------------------------------------------------

## PLAINTIFFS' SUPPLEMENTAL REQUESTS TO CHARGE

The Plaintiffs hereby supplements its Requests to Charge with the following additional charges:

### Lesser Standard of Proof in Death Action

(This following charge is submitted to replace plaintiff's presumption of due care charge submitted yesterday).

Because the decedent Robert Forlastro dies in this incident, he cannot testify. The law recognizes this difficulty and the law does not require the same level of proof in death cases. In order for the plaintiff to prevail there must be some showing of negligence however slight or some facts from which negligence can be inferred. The plaintiff proves his case if there is any possible hypothesis in the evidence negating fault of the decedent and permitting an inference of negligence against the defendant.

67 NY Jur. Wrongful Death Section 248

Schecter v. Klanfer  28 NY2d 228, 233 (1971) Jarrett v. Madifari, 67 A.D. 2d 396 (1979)

**Calculating Future Support of Decedent For Parents**

    The calculation of how much a child would support their parents is a question for the jury. Evidence must be established by the plaintiff that the child was close to his parents and predisposed to helping them with either services or cash payments. You should consider the decedent's work ethic, education and relationship to his parents. You must also consider whether the parents had a reasonable expectation of such support or services. The precise amount of this loss, if any, is left to you in your good judgment.

Hanson v. County of Erie, 507 NYS 2d 778 (1978) Zelizo v. Ullah, 2.A.D. 3d 273 (2003)


**Awarding Future Damages For Support of Parents**

    In assessing future support that the decedent would have provided for the parents, you should calculate the amount of such support for each year in the future that you find it likely. So you should indicate the amount of support that will be provided on a per annum basis listing the year it will be provided. For example if you find that support likely to be provided to one dollar for 2010 you should so indicate on the verdict form. This is obviously just an illustration. You should consider the decedent's life expectancy and his parent's life expectancy in making this calculation for each year in the future. You may also aggregate years and for example indicate that you find future support to be $1 a year from 2010 through 2020. Again this is just an example and has nothing to do with this case.

NY CLS CPLR R 4111

THE PLAINTIFFS

_____
Michael A. Stratton (ct08166)
Stratton Faxon
59 Elm Street
New Haven, CT 06510
Tel.: 203-624-9500
Fax: 203-624-9100
mstratton@strattonfaxon.com

## CERTIFICATION

This is to certify that a copy of the foregoing Motion was efiled via ECF on this date to the following counsel of record:

Elizabeth Hecht, Esq.
Mead, Hecht, Conklin & Gallagher, LLP
109 Spencer Place
Mamoroneck, New York 105431

_____
Michael A. Stratton