GENERAL CHARGES                    PJI 1:21

B. CHARGE AFTER TRIAL

1. WHERE PRE-TRIAL CHARGE HAS BEEN GIVEN

**PJI 1:20. Introduction**

Members of the jury, we come now to that portion of the trial when you are instructed on the law applicable to the case and after which you will retire for your final deliberations. You have now heard all the evidence introduced by the parties and through arguments of their attorneys you have learned the conclusions which each party believes should be drawn from the evidence presented to you.

**PJI 1:21. Review Principles Stated**

You will recall that at the beginning of the trial I stated for you certain principles so that you could have them in mind as the trial progressed. Briefly, they were that you are bound to accept the law as I give it to you, whether or not you agree with it. You are not to ask anyone else about the law. [*If a lawyer or judge is a member of the jury, the following should be added:* including the lawyer or judge serving as a juror.] You should not consider or accept any advice about the law from anyone else but me. Furthermore, you must not conclude from my rulings or anything I have said during the trial that I favor any party to this lawsuit. Furthermore, you may not draw any inference from an unanswered question nor consider testimony which has been stricken from the record in reaching your decision. Finally, in deciding how much weight you choose to give to the testimony of any particular witness, there is no magical formula which can be used. The tests used in your everyday affairs to decide the reliability or unreliability of statements made to you by others are the tests you will apply in your deliberations. The items to be taken into consideration in determining the weight you will give to the testimony of a witness include the inter-

41

**PJI 1:21**         PATTERN JURY INSTRUCTIONS

est or lack of interest of the witness in the outcome of the case, the bias or prejudice of the witness, if there be any, the age, the appearance, the manner of the witness as the witness testified, the opportunity that the witness had to observe the facts about which he or she testified, the probability or improbability of the witness' testimony when considered in the light of all the other evidence in the case.

**PJI 1:22. Falsus in Uno**

If you find that any witness has wilfully testified falsely as to any material fact, that is as to an important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally

42

GENERAL CHARGES                    PJI 1:23

"unbelievable." You may accept so much of his or her testimony as you deem true and disregard what you feel is false. By the processes which I have just described to you, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept and what weight you will give to it.

PJI 1:23.  Burden of Proof

The burden of proof rests on the plaintiff. That means that it must be established by a fair preponderance of the credible evidence that the claim plaintiff makes is true. The credible evidence means the testimony or exhibits that you find to be worthy to be believed. A preponderance of the evidence means the greater part of such evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers to the quality of the evidence, that is, its convincing quality, the weight and the effect that it has on your minds. The law requires that in order for the plaintiff to prevail on a claim, the evidence that supports (his, her) claim must appeal to you as more nearly representing what took place than the evidence opposed to (his, her) claim. If it does not, or if it weighs so

43

**PJI 1:23**     Pattern Jury Instructions

evenly that you are unable to say that there is a preponderance on either side, then you must decide the question in favor of the defendant. It is only if the evidence favoring the plaintiff's claim outweighs the evidence opposed to it that you can find in favor of plaintiff.

**PJI 1:24. Return to Courtroom**

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you have any question about my instructions to you on the law, you have the right to return to the

44

GENERAL CHARGES                    PJI 1:25

courtroom for the purpose of having such testimony read to you or have such question answered.

PJI 1:25. Consider Only Testimony and Exhibits

In deciding this case, you may consider only the exhibits which have been admitted in evidence and the testimony of the witnesses as you have heard it in this courtroom (or as there has been read to you testimony given on examination before trial. Under our rules of practice an examination before trial is taken under oath and is entitled to equal consideration by you notwithstanding the fact that it was taken before the trial and outside the courtroom). However, arguments, remarks, and summation of the attorneys are not evidence nor is anything that I now say or may have said with regard to the facts, evidence.

**PJI 1:25A**        PATTERN JURY INSTRUCTIONS

**PJI 1:26.  Five-Sixths Verdict**

   While it is important that the views of all jurors be considered, a verdict of five of the six members of the jury will be sufficient under the law. Whenever five of your members are in agreement on a verdict, you may report your verdict to the court.

**PJI 1:27**         Pattern Jury Instructions

**PJI 1:28. Conclusion**

I have now outlined for you the rules of law that apply to this case and the processes by which you weigh the evidence and decide the facts. In a few minutes you will retire to the jury room for your deliberations. (Traditionally, Juror No. 1 acts as foreperson. Your first order of business when you are in the jury room will be the election of a foreperson.) In order that your deliberations may proceed in an orderly fashion, you must have a foreperson, but of course, his or her vote is entitled to no greater weight than that of any other juror. Your function—to reach a fair decision from the law and the evidence—is an important one. When you are in the jury room, listen to each other, and discuss the evidence and issues in the case among yourselves. It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view of reaching agreement on a verdict, if you can do so without violating your individual judgment and your conscience. While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence and while each of you must decide the case for yourself and not merely consent to the decision of your fellow jurors, you should examine the issues and the evidence before you with candor and frankness, and with proper respect and regard for the opinions of each other. Remember in your deliberations that the dispute between the parties is, for them, a very important matter. They and the court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest your oaths as jurors to truly try the issues of this case and render a true verdict.

50

**PJI 1:39**  PATTERN JURY INSTRUCTIONS

**PJI 1:39. No Inference From Rulings**

In the course of the trial it has been necessary for me to rule on the admission of evidence and on motions made with respect to the applicable law. You must not conclude from any such ruling I have made or from any questions I may have asked or from anything that I have said during the course of the trial or from these instructions or the manner in which they are given that I favor any party to this lawsuit. It is your recollection of evidence and your decision on the issues of fact which will decide this case.

**PJI 1:40. Consider Only Competent Evidence**

At times during the trial I have sustained objections to questions asked without allowing the witness to answer or where an answer was made, instructed that it be stricken from the record and that you disregard it and dismiss it from your minds. You may not draw any inference or conclusions from an unanswered question nor may you consider testimony which has been stricken from the record in reaching your decision. The law requires that your decision be made solely upon the evidence before you. Such items as I have excluded from your consideration were excluded because they were not legally admissible.

PJI 1:90                PATTERN JURY INSTRUCTIONS

6. WITNESSES

a. EXPERT

**PJI 1:90. General Instruction—Expert Witness**

You will recall that the witness(es) *[state name(s)]* testified concerning (his, her, their) qualifications as [an] expert(s) in the field(s) of *[state profession(s)]* and gave (his, her, their) opinion concerning issues in this case. When a case involves a matter of science or art or requires special knowledge or skill not ordinarily possessed by the average person, an expert is permitted to state (his, her) opinion for the information of the court and jury. The opinion(s) stated by (the, each) expert who testified before you (was, were) based on particular facts, as the expert obtained knowledge of them and testified to them before you, or as the attorney(s) who questioned the expert asked the expert to assume. You may reject an expert's opinion if you find the facts to be different from those which formed the basis for the opinion. You may also reject the opinion if, after careful consideration of all the evidence in the case, expert and other, you disagree with the opinion. In other words, you are not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other testimony. Such an opinion is subject to the same rules concerning reliability as the testimony of any other witness. It is given to assist you in reaching a proper conclusion; it is entitled to such weight as you find the expert's qualifications in the field warrant and must be considered by you, but is not controlling upon your judgment.

**PJI 1:91**         Pattern Jury Instructions

### b. Interested

#### (1) Generally

**PJI 1:91. General Instruction—Interested Witness—Generally**

The plaintiffs and the defendant both testified before you. As parties to the action, both are interested witnesses.

An interested witness is not necessarily less believable than a disinterested witness. The fact that (he, she) is interested in the outcome of the case does not mean that (he, she) has not told the truth. It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether or not the testimony has been influenced, intentionally or unintentionally, by (his, her) interest. You may, if you consider it proper under all of the circumstances, not believe the testimony of such a witness, even though it is not otherwise challenged or contradicted. However, you are not required to reject the testimony of such a witness, and may accept all or such part of (his, her) testimony as you find reliable and reject such part as you find unworthy of acceptance.

**PJI 1:97**    Pattern Jury Instructions

**PJI 1:97. General Instruction—Special Verdicts**

   This case will be decided on the basis of the answers that you give to certain questions that will be submitted to you. Each of the questions asked calls for [Insert appropriate phrase, such as: (a "Yes" or "No" answer), (some numerical figure), (some percentage), etc.]. While it is important that the views of all jurors be considered, five of the six of you must agree on the answer to any question, but the same five persons need not agree on all of the answers. When five of you have agreed on any answer, the foreperson of the jury will write the answer in the space provided for each answer and each juror will sign in the appropriate place to indicate (his, her) agreement or disagreement. (Where appropriate, add: As you will note from the wording of the questions, you need not consider question 2, etc., at all if your answer to question 1 is "No.")

   When you have answered all the questions that require answers, report to the court.

   Do not assume from the questions or from the wording of the questions or from my instructions on them what the answers should be.

GENERAL CHARGES          PJI 1:41

**PJI 1:41. Weighing Testimony**

The law does not, however, require you to accept all of the evidence I admit. In deciding what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses, and decide how much weight you choose to give to that testimony. The testimony of a witness may not conform to the facts as they occurred because he or she is intentionally lying, because the witness did not accurately see or hear what he or she is testifying about, because the witness' recollection is faulty, or because the witness has not expressed himself or herself clearly in testifying. There is no magical formula by which you evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs you decide for yourselves the reliability or unreliability of things people tell you. The same tests that you use in your everyday dealings are the tests which you apply in your deliberations. The interest or lack of interest of any witness in the outcome of this case, the bias or prejudice of a witness, if there be any, the age, the appearance, the manner in which the witness gives testimony on the stand, the opportunity that the witness had to observe the facts about which he or she testifies, the probability or improbability of the witness' testimony when considered in the light of all of the other evidence in the case, are all items to be considered by you in deciding how much weight, if any, you will give to that witness' testimony. If it appears that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy can be reconciled by fitting the two stories together. If, however, that is not possible, you will then have to decide which of the conflicting stories you will accept.

# DIVISION 2. NEGLIGENCE ACTIONS

A. COMMON LAW STANDARD OF CARE

1. NEGLIGENCE DEFINED

PJI 2:10. Common Law Standard of Care—Negligence Defined—Generally

Negligence is lack of ordinary care. It is a failure to use that degree of care that a reasonably prudent person would have used under the same circumstances. Negligence may arise from doing an act that a reasonably prudent person would not have done under the same circumstances, or, on the other hand, from failing to do an act that a reasonably prudent person would have done under the same circumstances.

       PJI 2:12                Foreseeability

THE MERE HAPPENING OF AN ACCIDENT IS NOT EVIDENCE OF NEGLIGENCE- I hereby charge you that the mere happening of an accident is not proof of any negligence against either of the parties to the lawsuit. You are not to consider as proof of negligence the mere fact that an alleged accident occurred. See, <u>Drivas v. Breger</u>, 273 A.D.2d 151, 709 N.Y.S.2d 187 (1st Dept. 2000).

# GENERAL CHARGES

PJI 1:61.   General Instruction - Burden of Proof-In Death Cases

The burden of proving that the defendant was negligent and that his negligence was a substantial factor in causing the injury and death is upon the plaintiffs who are the administrators of the estate of Robert J. Forlastro. The burden of proving that Robert J. Forlastro was negligent and that his negligence was a substantial factor in causing his own death is upon the defendant.

The party having the burden of proof on a particular issue must establish his or her contention on that issue by a fair preponderance of the credible evidence. The credible evidence means the testimony or exhibits that you find worthy of belief. A preponderance means the greater part of such evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase fair preponderance of the credible evidence refers to the quality of the evidence, the weight and effect that it has on your minds. The law requires that in order for a party to prevail on an issue on which he or she has the burden of proof, the evidence that supports the claim on that issue must appeal to you as more nearly representing what happened than that opposed to his or her claim on that issue. If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, you must resolve the questions against the party who has the burden of proof and in favor of the opposing party.

In a death action such as this, however, the plaintiffs co-administrator of Robert J. Forlastro's estate are not held to as high a degree of proof as is required of an injured plaintiff who can describe what happened. Thus, you are permitted greater latitude in inferring negligence on the part of the defendant from all of the evidence in the case. If, from all the credible evidence in this case, you conclude that it is more probable than not that defendant was negligent and that his negligence was a substantial factor causing the death, you will find for the plaintiffs on this issue. However, if that is not your decision, or if you find that the evidence is so evenly balanced that you cannot say that the greater weight of the evidence is on either side of these issues, you will find defendant was not at fault.

On the issue of Robert J. Forlastro's fault, the burden is on the defendant to prove that Robert J. Forlastro was negligent and that his negligence was a substantial factor causing the occurrence. If, on considering all the evidence, you decide that it is more probable than not that Robert J. Forlastro was negligent and that his negligence was a substantial factor in causing his own death, you will find for the defendant on this issue. If, however, you do not so decide or if you find that the evidence is so evenly balanced that you cannot say that the greater weight of the evidence is on either side of this issue of Robert J. Forlastro's negligence, you will find hat Robert J. Forlastro was not at fault.

## NEGLIGENCE ACTIONS

PJI 2:26.    Statutory Standard of Care-Vehicle and Traffic Law Violation

The Vehicle and Traffic Law establishes rules of conduct that must be obeyed by motorists and pedestrian alike. Plaintiff claims that defendant failed to comply with §115 1b of the Vehicle and Traffic law. Section 115 1b provides as follows:

> *(b) No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impractical for the driver to yield.*

In considering the evidence in this case, you must determine whether plaintiff has proved that defendant failed to comply with that statute. If you find that defendant violated that statute, Such a violation constitutes negligence.

You cannot disregard a violation of the statute and substitute some standard of care other than that set forth in the statute.

## PATTERN JURY INSTRUCTIONS

### 1. Comparative Fault: Defined

PJI 2:36.    Comparative Fault

If you find that the defendant was negligent and that the defendant's negligence contributed to causing the accident, you must next consider whether the decedent was also negligent and whether the decedent's conduct contributed to causing the accident.

The burden is on the defendant to prove that the decedent was negligent and that his negligence contributed to causing the accident. If you find that the decedent was not negligent, or if negligent, that his negligence did not contribute to causing the accident you must find that decedent was not at fault and you must go on to consider damages, if any, submitted by plaintiff.

If, however, you find that the decedent was negligent and that his negligence contributed to causing the accident, you must then apportion the fault between the decedent and the defendant.

Weighing all the facts and circumstances, you must consider the total fault, that is, the fault of both the decedent and the defendant and determine what percentage of fault is chargeable to each. In your verdict, you will state the percentages you find. The total of those percentages must equal one hundred percent.

PJI 2:36.1

For example, if you should find that the defendant and the decedent were equally at fault you would report that each was 50% responsible. If you should find that one party was more at fault, you would assign a higher percentage to that party and a lower percentage to the other, with the total of the percentages equaling one hundred percent.

PJI 2:36.2

You must now decide from the evidence before you that total amount of damages suffered by the plaintiff in dollars in accordance with the rules that I am about to explain to you. In arriving at the total, you must not consider the percentages of fault but must simply report the total amount of the plaintiff's damages.

# PATTERN JURY INSTRUCTIONS

## F. Proximate Cause

PJI 2:70     Proximate Cause - In General

An act of omission is regarded as a cause of an injury if it was a substantial factor in bringing about the injury, that is, if it had such an effect in producing the injury that reasonable people would regard it as a cause of the injury. There may be more than one cause of an injury, but to be substantial, it cannot be slight or trivial. You may, however, decide that a cause is substantial even if you assign a relatively small percentage to it.

## 6. ACTION FOR WRONGFUL DEATH

PJI 2:320     Damages - Action for Wrongful Death and Conscious Pain

Plaintiffs are the co-administrators of the estate of Robert J. Forlastro. Plaintiffs claim seeks damages resulting from the death of Robert J. Forlastro.

Damages are the amount that you find to be fair and just compensation for the pecuniary injuries, that is economic losses, resulting from Robert J. Forlastro's death to each of the persons for whom this claim is brought. Those persons are:

*Barbara Forlastro - Decedent's Mother*
*Robert G. Forlastro - Decedent's Father*

The law limits damages resulting from Robert J. Forlastro's death to pecuniary injuries, which means economic losses. You may not consider or make any award for sorrow, mental anguish, injury to feelings, or for loss of companionship. You must determine the economic value of Robert J. Forlastro to Barbara Forlastro and Robert G. Forlastro on December 6, 2004, when Robert J. Forlastro died.

In determining that economic value, you should consider the character, habits and ability of Robert J. Forlastro; the circumstances and condition of Barbara Forlastro and Robert G. Forlastro; the services that Robert J. Forlastro would have performed for them; the portion of his earnings that Robert J. Forlastro would have spent in the future care and support of his parents; the age and life

expectancy of Robert J. Forlastro and the ages and life expectancies of his parents.

      Robert J. Forlastro was, at the time of his death 23 years old and, according to the life expectancy tables, had a life expectancy of 52.9 years. Barbara Forlastro is 58 years old and has a life expectancy of 25.6 years and Robert G. Forlastro is 57 years old and has a life expectancy of 19.6 years. Life expectancy tables are simply statistical averages. A person might live longer or die sooner than the time indicated by those tables. The figures I just mentioned are not controlling but may be considered by you together wit the evidence you heard concerning the health, habits, employment and activities of Robert J. Forlastro prior to his death and those of his parents in determining what their respective life expectancies were at the time Robert J. Forlastro died.

      You must decide what portion of his earnings Robert J. Forlastro would have spent for the care and support of his parents. In making your decision, you must consider: the amount Robert J. Forlastro earned per year prior to his death; the part of those earnings that Robert J. Forlastro contributed to the care and support of his parents and the pattern of those contributions; the position that Robert J. Forlastro had with his employer at the time that he died; his prospects for advancement and the probabilities with respect his future earnings; the risks of his occupation; the condition of his health and the length of time that he would reasonably be expected to continue working. As to this last factor, the work expectancy of Robert J. Forlastro was, according to work expectancy tables 35.1 years. That figure, like the life expectancy figures I mentioned earlier, is only a statistical average and is furnished simply asa guide.

      As I stated before, it is the economic value of Robert J. Forlastro to Barbara Forlastro and Robert G. Forlastro that you must decide. That value is incapable of exact proof. Taking into account all the factors I have discussed, you must use your own common sense and sound judgment based on the evidence in determining the amount of the economic loss suffered by Barbara Forlastro and Robert G. Forlastro.

      The amount you decide as the amount of economic loss sustained by his parents must represent the full amount of such losses without reduction to present value. You must also decide the period of years for which that amount is intended to provide compensation.

You will make a separate award for those reasonable expenses which were paid by the plaintiffs for Robert J. Forlastro's burial lot.