UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BARBARA FORLASTRO and ROBERT G. FORLASTRO,
as co-administrators of the Estate of
ROBERT J. FORLASTRO,

Case No.: 1:07-CV-3288
(RPP) (FM)

Plaintiffs,

vs.

JAMES COLLINS,

Defendant.

MARCH 24, 2008

---

## MEMORANDUM IN SUPPORT OF MOTION FOR NEW TRIAL

I.    **The Facts**

It is uncontroverted that on December 4, 2004, Robert J. Forlastro was killed when a truck driven by the defendant rolled over his head crushing him. A wrongful death action was commenced against the defendant alleging that the defendant had failed to keep a proper lookout and either honk to warn the decedent of his presence or stop to avoid striking him. The defendant claimed comparative negligence.

On March 18, 2008, the jury delivered a verdict. The jury answered two questions. To the first question "Was the defendant negligent in causing the decedent's death?" the jury answered "yes". To the second question, "Was the defendant's negligence a substantial factor in causing the death?" the jury answered "no".

## II.    The Law

Rule 59 of the F.R.C.P. requires the trial court to order a new trial where the verdict rendered by the jury is fatally inconsistent.

New York courts have repeatedly remanded cases for a new trial where the findings on negligence and substantial factor were inconsistent. Brecht v. Copper Sands, 654 NYS 2d. 520 (4th Dep't 1997); Bucich v. City of New York, 490 NYS 2d 208 (1st Dept 1985); DiMaggio v. M. O'Connor Contracting Co., 668 NYS 2d 449 (Kings County Supreme Court 1998).

The concept of substantial factor is focused on "time, degree of connection, and space" Mack v. Altman's Stage Light, 470 NYS 2d 664 (2d Dept 1984).

In DiMaggio, the Court held that a verdict finding negligence but not substantial factor was inconsistent. In that case, the plaintiff alleged that the defendant was negligent in striking a ladder he was standing on with a

wheelbarrow. The jury found negligence but not a substantial factor. The Court held that the jury's substantial factor decision was inconsistent as a matter of law. The Court noted that the defendant's "negligence was contemporaneous with the accident, the degree of connection was direct and unbroken, and there was no space between the negligence and the accident.... [f]urther, defendant's negligence was active not passive." 668 NYS 2d at 451.

Further in both the Bucich and Brecht cases, new trials for inconsistent substantial factor verdicts were ordered. In Brecht, the Court held that the jury's decision that the defendant was negligent in maintaining a defective entranceway was inconsistent with their verdict that it was not a substantial factor. Again, the issue was that there no attenuation between the defendant's negligence and the accident.

### III.  Discussion

Our case is on point with all three cases cited above. The defendant's negligence in failing to keep a proper lookout is contemporaneous with the accident, unbroken in time and place and active opposed to passive. There is no way that it can be considered not a substantial factor as a matter of law.

Moreover, in our case, the jury not only found negligence in the first interrogatory, they also found causation. This makes the present case an

even stronger one than those cited above where the jury only found negligence.

In sum, the jury was obviously confused by the concept. Substantial factor is not intended to be a substitute for comparative negligence. It is simply meant to ensure that there is a direct relationship in time, space and place between the negligence and the injury. Here, the facts clearly support substantial factor as a matter of law.

## IV.  Conclusion

As a result of the inconsistent verdict, the plaintiffs request a new trial.

THE PLAINTIFFS

_____
Michael A. Stratton  (ms4962)
Stratton Faxon
59 Elm Street
New Haven, CT 06510
Tel.: 203-624-9500
Fax:  203-624-9100
mstratton@strattonfaxon.com

## CERTIFICATION

This is to certify that a copy of the foregoing Motion was efiled via ECF on this date to the following counsel of record:

Elizabeth Hecht, Esq.
Mead, Hecht, Conklin & Gallagher, LLP
109 Spencer Place
Mamoroneck, New York 105431

_____
Michael A. Stratton