UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BARBARA FORLASTRO and ROBERT G. FORLASTRO,
AS CO-ADMINISTRATORS OF THE ESTATE OF
ROBERT J. FORLASTRO,

                              Plaintiffs,

      -against-

JAMES COLLINS,

                              Defendant.

Case No.: 1:07-CV-3288 (RPP) (FM)

---

**DEFENDANT'S MEMORANDUM OF LAW
OPPOSITION TO PLAINTIFFS' MOTION
FOR A NEW TRIAL PURSUANT TO FRCP 59**

Mead Hecht Conklin & Gallagher, LLP
By *[signature]*
    Elizabeth M. Hecht (8275)
Attorneys for James Collins
109 Spencer Place
Mamaroneck, New York 10543
(914) 899-3100
hecht@mhcglaw.com

1

Plaintiffs seek a new trial pursuant to the authority of FRCP 59. It is asserted that a new trial is warranted on the sole basis that the verdict is "facially inconsistent."

First, it has been held that a party objecting to an allegedly inconsistent verdict is not entitled to a new trial and his objection may be deemed waived if he failed to object to the alleged inconsistency prior to the discharge of the jury. (See Lavoie v. Pacific Press & Shear Co., 975 F. 2d 48 [2d Cir. 1992].) Under such circumstances, to allow a new trial after the objecting party failed to seek a proper remedy before the jury was excused would undermine the incentives for efficient trial procedure and would allow the possible misuse of Rule 49. (Haskell v. Kaman Corp., 743 F.2d 113, 123 [2d Cir. 1984]; see also Chere Amie, Inc. v. Windstar Apparel Corp., WL 22056935 [S.D.N.Y. 2003].)

In U.S. Football League v. Nat'l Football League, 842 F.2d 1335, 1337 [2d Cir. 1988], the Second Circuit upheld a finding of waiver where the jury returned an ambiguous verdict but plaintiff failed to object prior to the jury's discharge.

In Chere Amie, Inc. v. Windstar Apparel Corp., *supra*, the United States District Court for the Southern District of New York, when faced with a claim of verdict inconsistency in a special verdict, noted that plaintiff's counsel had failed to raise the issue of alleged inconsistency despite ample opportunity to do so, specifically after the polling of the jury. The court went on to state that "[t]he timing of a party's objection to the perceived inconsistency in the verdict, however, is the single most critical factor in determining whether to grant a new trial." *Id.* at p.4. It was of no moment whether the failure to object was occasioned by carelessness or gamesmanship. *Id.* at p.4. In any event, the Cherie Amie court went on to note that notwithstanding the waiver, the jury's verdict was

reasonable and resulted in no miscarriage of justice. *Id.* at p.4.

Similarly, at bar, there was no impediment to counsel's raising the alleged inconsistency before the jury was discharged. The jury was polled and the court expressed its gratitude to the jury for its service at some length. At either juncture, counsel could easily have asked the court to delay discharging the jury while he preserved his claim of inconsistency on the record. He did not. Had he done so, and had this court agreed that an inconsistency did in fact exist, a finding with which we would vigorously disagree, the verdict sheet could then have been resubmitted to the jury. It is entirely plausible based upon the record of this trial that upon reconsideration, a finding of no negligence would have been returned. Perhaps for this very reason, counsel affirmatively opted to voice no objection.[1] Whatever the reasons, plaintiffs should not now be heard to raise this tardy and unsupported claim.

Should this court reach the merits of the instant motion, it is clear that the relief requested should be denied.

FRCP 59 (a) states, in pertinent part, that

> [a] new trial may be granted to all or any of the parties
> and on all or part of the issues . . . in an action in which
> there has been a trial by jury, for any of the reasons for
> which new trials have heretofore been granted in
> actions at law in the courts of the United States.

---

[1] New York State courts have unwaveringly held that the failure to voice objection to a verdict perceived to be inconsistent before the jury is discharged "so that corrective action may be taken by resubmitting the matter to the jury" constitutes waiver. (See Clements v. Lindsey, 237 A.D.2d 557 [2d Dept. 1997]; Barone v. City of Mt. Vernon, 170 A.D.2d 557 [2d Dept. 557]; Strauss v. Huber, 161 A.D.2d 629 [2d Dept. 1990]; Sluzar v. Nationwide Mutual Ins. Co., 223 A.D.2d 78 [3d Dept. 1996].)

While the decision whether to grant a new trial following a jury trial under FRCP 59 is committed to the sound discretion of the trial judge, (see Metromedia Co. v. Fugazy, 983 F.2d 350 [2d Cir. 1992], *cert. denied* 508 U.S. 952, 113 S.Ct. 2445 [1993]), such discretion should be exercised only in "the most extraordinary circumstances" (United States v. Locasido, 6 F.3d 924, 949 [2d Cir. 1993].)

Before a district court may set aside a special verdict as inconsistent and remand the case for a new trial, it must make every attempt "to reconcile the jury's findings, by exegesis if necessary" (The Cayuga Indian Nation of New York v. Pataki, 165 F. Supp. 2d 266, 281 (N.D.N.Y. 2001) *quoting* Turley v. Police Dept. of N.Y., 167 F. 3d 757, 760 [2d Cir. 1999] (other citations omitted).

In assessing whether a given verdict is inconsistent, the Second Circuit has held that "[w]here the district court properly instructed the jury . . . [t]here is a strong presumption that the jury in reaching its verdict complied with those instructions" and that "a jury's verdict reached after proper instructions must be upheld where there is a reasonable explanation for the jury's seemingly inconsistent answers." (Internal citations omitted.) *Id.* at p. 282.

At bar, both parties conceded that the charge on the law as to liability was proper in all of its respects. The charge meticulously set forth the definition of negligence, the law concerning statutory violations and the standard charge concerning proximate cause or substantial factor. Consequently, the jury's verdict is entitled to the presumption that it complied with the court's instructions. In addition and of critical importance, there is nothing inconsistent with the verdict as returned.

It is beyond dispute that liability requires that a jury find both negligence and that such negligence was a substantial factor in causing the accident. A jury's findings that a party was but that such fault was not a substantial factor in causing the accident is inconsistent only when the issues are "so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause. (See MacKillop v. City of Syracuse, ____ A.D.3d ____, 850 N.Y.S. 2d 788 [4th Dept. 2008]; El-Shafaie v. Verma, 2 A.D.3d 394 [2d Dept. 2003]; Schaefer v. Guddemi, 182 A.D.2d 808, 809 [2d Dept. 1992]; Rubin v. Pecoraro, 141 A.D. 2d 525 [2d Dept. 1988].)

In Briccio v. Disbrow, 212 A.D.2d 565 [2d Dept. 1995], the Appellate Division affirmed a jury verdict which found that the defendant driver was negligent but that his negligence was not a substantial factor in causing the accident where the plaintiff pedestrian crossed the highway in front of the defendant without looking for oncoming traffic.

In Moskowitz v. Israel, 209 A.D.2d 676 [2d Dept. 1994], the Appellate Division affirmed a jury verdict which found that although the defendant was negligent, his negligence was not a substantial factor in causing the accident where the plaintiff pedestrian entered the path of defendant's vehicle when she was about five feet away.

In the instant case, the jury was free to find that nothing Mr. Collins did or did not do was a substantial factor in causing the accident because the decedent evidently fell into the path of the slowly moving truck. They were free to find that while perhaps the horn should have been sounded pursuant to Vehicle & Traffic Law § 1146, had defendant done

so, it would not have prevented the accident.[2] As the court may recall, the proof was that defendant Collins was able to stop the large bucket truck a mere 14' from the point of contact with decedent. Decedent was found lying face down with his right arm outstretched and his cellular telephone was about 2' beyond his reach.

Simply put, it cannot be said that the issues of negligence and proximate cause were so inextricably interwoven in this case that the jury's verdict cannot stand. There was ample testimony from which the jury could reasonably have concluded that although the defendant was negligent under the broad duties imposed on a driver, the decedent's actions in leaving a place of safety and walking, running or falling into the path of the defendant's bucket truck were the sole proximate cause of his own death (see Schaefer v. Guddemi, *supra*; Briccio v. Disbrow, *supra*; Moskowitz v. Israel, *supra*; Rubin v. Pecoraro, *supra*). Substantial justice has been done by the return of this verdict which should not be disturbed.

## CONCLUSION

Plaintiffs' motion for a new trial should be denied in all respects. The claim of

---

[2] As this court may recall, Detective Johanson who was called as an expert by plaintiffs in the field of accident investigation, testified that there was no evidence that any portion of the NYSEG utility truck was in contact with the decedent other than the front, driver's side tire. Plaintiffs conceded the correctness of this statement by adopting this conclusion in their responses to pre-trial interrogatories while eschewing it in opening statement. Additionally, plaintiffs' expert forensic pathologist, Dr. McDonough, who was permitted to testify notwithstanding his exclusion from plaintiffs' witness list, gave testimony which directly contradicted counsel's opening statement by offering his opinion that the decedent's right forearm, which was in the path of the truck's tire, sustained a fracture which was consistent with a tire having run over it. All of this evidence supports the jury's finding that plaintiffs' decedent's actions were the sole proximate cause of his own demise.

inconsistency should have been voiced before the jury's discharge. In any event, the exacting standard for a new trial pursuant to FRCP 59 (a) has not been satisfied. There has been no demonstration that the verdict was seriously erroneous or that a miscarriage of justice has occurred. There was ample evidence that the actions of plaintiffs' decedent were the sole proximate cause of his own death. The issues of negligence and proximate cause were not so intertwined as to render the jury's verdict inconsistent. The charge on liability was proper and there is a strong presumption that the jury complied with those instructions in reaching its verdict.

Dated:    Mamaroneck, New York
          April 1, 2008

                                        Respectfully submitted,

                                        Mead Hecht Conklin & Gallagher, LLP
                                        By _____
                                             Elizabeth M. Hecht (8275)
                                        Attorneys for Defendant
                                        109 Spencer Place
                                        Mamaroneck, New York 10543
                                        (914) 899-3100